# Ballard Spahr
### LLP

- - - - - - - - - - - - - - - - - - -
1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Lynn Oberlander
Tel: 646.346.8011
Fax: 212.223.1942
oberlanderl@ballardspahr.com

May 2, 2022

*By Electronic Filing*

Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

Re:   *Bauer v. Baud, et al.*, Case No. 1:22-cv-1822 (PAC) – Pre-Motion Letter

Dear Judge Crotty:

We write on behalf of Defendants Chris Baud and G/O Media, Inc. ("Defendants") to request a pre-motion conference regarding Defendants' intended motion to dismiss the above-captioned case, pursuant to F.R.C.P. 12(b)(6) and N.Y. Civil Rights Law § 76-a.[1]

Plaintiff Trevor Bauer ("Bauer" or "Plaintiff") is a Major League Baseball player, Compl. ¶ 10, who was placed on administrative leave from playing for the Los Angeles Dodgers following a widely-publicized accusation of violent sexual assault made against him last June by a young woman, Lindsay Hill. Ms. Hill sought a temporary restraining order ("TRO") against Plaintiff in California, and included her medical records with her petition. On July 6, 2021, *Deadspin*, a sports-news website published by Defendant G/O Media, Inc., posted an opinion piece about the allegations and the administrative leave, *Trevor Bauer should never pitch again:*

---

[1] Defendants also anticipate requesting an award of attorneys' fees pursuant to N.Y. Civil Rights Law §70-a.

Hon. Paul Crotty
May 2, 2022
Page 2

*MLB needs to throw the book at him over sex assault allegations* (the "Article"), written by

Defendant Chris Baud.[2]

 The Complaint in this action asserts a single claim for defamation *per se* based on three

minor allegedly inaccurate details contained in the Article – updated within days – which the

Complaint claims are actionable: (1) that Ms. Hill had "her skull fractured" by Bauer, Compl.

¶ 91, (2) that "Mr. Bauer's 'defense' was that '[i]t was only the initial CT scan that showed a

fracture,'" *id.* ¶ 92, and (3) that "Mr. Bauer did not 'attempt to deny that he was responsible'" for

Ms. Hill's injuries, *id.* ¶ 93.  These claims fail as a matter of law.

 First, Plaintiff cannot establish that the challenged statements are materially false, a basic

element of their defamation claim.  Rather, the challenged statements are substantially true as

there is little or no difference on the reader between what Bauer alleges is false in the article  –

the statement that Ms. Hill had her "skull fractured" – and what he acknowledges is true – that

following a sexual encounter with Bauer, Ms. Hill went to the hospital with "signs of basilar

skull fracture," Compl. ¶ 102, but that a subsequent CT scan revealed no "acute fracture."[3]  For

much the same reasons, New York's "incremental harm" doctrine also requires that the suit be

dismissed.[4]  In addition, the challenged statements are absolutely privileged under New York law

---

[2] The Article is attached as Exhibit A to the Complaint (ECF No. 3-1); an updated version is also available at https://deadspin.com/trevor-bauer-should-never-pitch-again-1847235241.

[3] "Minor inaccuracies do not amount to falsity so long as 'the substance, the gist, the sting, of the libelous charge be justified.'" *Masson v. New Yorker, Magazine, Inc.*, 501 U.S. 496, 517 (1991); *Tannerite Sports, LLC v. NBC Universal News Grp.*, 864 F.3d 236, 242 (2d Cir. 2017) *(A* statement is substantially true if it "would not have a different effect on the mind of the reader from that which the pleaded truth would have produced.")   Plaintiff's Complaint also misconstrues the Article's statements about his defenses to the allegation of sexual assault: read in context, the statements are also substantially true.

[4] *See Herbert v. Lando*, 781 F.2d 298, 311 (2d Cir. 1986) (doctrine "measures the incremental harm inflicted by the challenged statements beyond the harm imposed by the rest of the publication"); *Church of Scientology Int'l v. Behar*, 238 F.3d 168, 176 (2d Cir. 2001) ("[W]hen unchallenged or non-actionable parts of a publication are damaging, an additional statement, even if maliciously false, might be non-actionable because it causes no appreciable additional harm").

Hon. Paul Crotty
May 2, 2022
Page 3

as fair and accurate reports of a judicial proceeding – that is, Ms. Hill's petition for a TRO

against Plaintiff.[5]   Nor can Plaintiff, who is indisputably a public figure, adequately allege that

the challenged statements were published with constitutional actual malice. Plaintiff's primary

theory of actual malice is that Defendants knew their reporting was false because they provided a

hyperlink to another news story with an allegedly different description of Ms. Hill's injuries.[6]

Compl. ¶¶ 53-55. But Plaintiff gets this exactly backwards – Defendants' inclusion of a

hyperlink to the source of their reporting demonstrates that they did *not* publish the challenged

statement with knowledge that it was false or reckless disregard for its truth or falsity.[7] Finally,

the statements at issue are not defamatory *per se*.  Plaintiff's failure to even attempt to identify

special damages is an independent reason why his claim must be dismissed.

We respectfully ask the Court to schedule a pre-motion conference or, in the alternative,

to set a briefing schedule on Defendants' anticipated motion.

Respectfully submitted,

BALLARD SPAHR LLP

*Lynn Oberlander*

Lynn Oberlander
Joseph Slaughter

---

[5] New York's statutory fair report privilege provides in pertinent part, that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding."  N.Y. Civ. Rights Law § 74; *see Beary v. West Publ'g Co.*, 763 F.2d 66, 68 (2d Cir. 1985).  Such coverage may be based on official records directly or on secondary sources about the event or proceeding, *see, e.g., Cholowsky v. Civiletti*, 69 A.D.3d 110, 115 (2d Dep't 2009), including secondary sources mentioned via hyperlink, *see, e.g., Cummings v. City of N.Y.*, 2020 U.S. Dist. LEXIS 31572, at *54 (S.D.N.Y. Feb. 24, 2020).

[6] Plaintiff has now also filed a defamation suit against this publisher, *see Bauer v. The Athletic, et al.*, No. 2:22-cv-2062 (C.D. Cal.), and a suit against the complainant, Ms. Hill, see *Bauer v. Hill*, No. 8:22-cv-868 (C.D. Cal.).

[7] *Adelson v. Harris*, 973 F. Supp. 2d 467, 484 (S.D.N.Y. 2013) ("the hyperlink is the twenty-first century equivalent of the footnote"), *aff'd*, 876 F.3d 413 (2d Cir. 2017) (per curiam). Nor is misinterpreting ambiguous statements like the technical medical jargon at issue here actual malice. *See, e.g., Time, Inc. v. Pape*, 401 U.S. 279, 291 (1971) (misinterpretation of an "ambiguous" and "lengthy government document" not actual malice); *Jankovic v. Int'l Crisis Grp.*, 822 F.3d 576, 594 (D.C. Cir. 2016) ("An honest misinterpretation does not amount to actual malice").