

Blair G. Brown<br>
PARTNER<br>
Zuckerman Spaeder LLP<br>
bbrown@zuckerman.com<br>
202.778.1829

May 5, 2022

**VIA ECF**

Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:    <u>Bauer v. Baud, et al.</u>, Case No. 1:22-cv-01822-PAC-OTW– Pre-Motion Response

Dear Judge Crotty:

     We write on behalf of Plaintiff Trevor Bauer ("Plaintiff") in response to Defendants G/O Media, Inc. and Chris Baud's ("Defendants") letter requesting a pre-motion conference regarding Defendants' anticipated motion to dismiss. ECF No. 14. Defendants' letter misstates the facts and the law and only serves to preview the shaky grounds upon which their forthcoming motion to dismiss rests. Nonetheless, Plaintiff is willing to confer with Defendants on a proposed briefing schedule for the motion to dismiss in lieu of the Pre-Motion Conference set for May 19.

     The online publication *Deadspin*, owned by Defendant G/O Media, Inc., has conducted a years-long, unrelenting attack on Plaintiff's character by publishing article after article spouting malicious falsehoods about him. In June 2021, Plaintiff was falsely accused publicly of sexual assault. Compl. ¶ 2.[1] In response, *Deadspin* published an article written by Defendant Baud on July 6, 2021 (the "Article") that falsely reported that Plaintiff fractured his accuser's skull, even though the accuser herself made no such allegation. *Id.* ¶¶ 5-7. Defendants' primary source for

---

[1] A court later found that the accuser had lied and her encounters with Plaintiff were entirely consensual. *Id* ¶ 78.

1

the Article—reporting by *The Athletic*—as well as publicly available medical records confirmed there was no such fracture. *Id*. This false and defamatory statement was made with malice, as demonstrated by, among other evidence, Defendants' reckless disregard for the indisputable and readily available contrary information and *Deadspin*'s history of publishing articles that vilified Plaintiff as, among many other things, "an asshole," *id.* ¶ 17, a "Dumb Little Pissbaby," *id.* ¶ 19, a "racist, sexist jackass," *id.* ¶ 25, and a "bully," *id.* ¶ 32.

The Complaint brings one count for defamation *per se* based on Defendants' false assertions in the Article. Compl. ¶¶ 88-112.[2] Plaintiff alleges Defendants made several false statements about Plaintiff,[3] and widely published these statements through *Deadspin*'s website and social media platforms with either intent or indifference to the truth. *Id.* ¶¶ 53, 104. Additionally, Defendants' statements presumptively injured Plaintiff by maligning him in his profession and charging him with a serious crime.[4] Simply put, the Complaint states a claim for relief.

Defendants' arguments to the contrary are unavailing. First, the challenged statements are materially false because Plaintiff simply never fractured a woman's skull, and statements to the contrary are not "technically" or "substantially" true in any sense.[5] Second, the incremental harm

---

[2] *See Marom v. Pierot*, No. 18-cv-2094, 2020 WL 1444938, at *2 (S.D.N.Y. Mar. 25, 2020) (reciting elements of defamation *per se*).

[3] Specifically, the Article falsely stated the complainant had "her skull fractured," Plaintiff's "defense" was that "[i]t was only the CT scan that showed a fracture," and Plaintiff did not "deny that he was responsible." Compl. ¶¶ 91-93.

[4] Furthermore, Plaintiff alleges he has suffered direct emotional, reputational, and pecuniary damages. Compl. ¶¶ 109-110.

[5] "Statements are held to be not substantially true where the difference between the statement and reality is 'plainly substantial.'" *Chau v. Lewis*, 935 F. Supp. 2d 644, 662 (S.D.N.Y. 2013), *aff'd*, 771 F.3d 118 (2d Cir. 2014). However, in "cases where the truth or falsity of the defendant's statement depends on material outside the complaint" then falsity is a fact question to be decided on summary judgment. *See Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 246-47 (2d Cir. 2017); *see also Garcia v. Puccio*, 793 N.Y.S.2d 382, 384 (2005) (explaining that even "technically" true statements can be defamatory when shorn of context).

doctrine is inapplicable because the Article ascribed much more serious conduct to Plaintiff than what was asserted by the complainant in the sexual assault case.[6] Third, the challenged statements are not privileged under New York law because the Article did not give a "fair and true" account of the court proceeding.[7] Fourth, the complaint adequately alleges malice because it details the series of *Deadspin* articles that disparage and ridicule Plaintiff without cause. Compl. ¶¶ 8, 16-38. This ill will, in addition to the Article's disregard of conflicting sources, establishes malice.[8] Finally, these statements are indeed defamatory *per se* because Defendants have attacked Plaintiff's career and accused him of the serious crime of violent assault.[9]

For the reasons set forth herein, Defendants cannot prevail on a motion to dismiss. As Defendants' intend to make their motion nonetheless, the parties shall submit a joint letter with a proposed briefing schedule. Plaintiff respectfully contends that the forthcoming detailed briefing obviates the parties' need to use the Court's resources at this time on a Pre-Motion Conference.

Respectfully submitted,
/s/ Blair G. Brown
Blair G. Brown

---

[6] The incremental harm doctrine does not bar a claim if the harm from the defamatory statement is greater than the harm from the truth. *See Jewell v. NYP Holdings, Inc.*, 23 F. Supp. 2d 348, 396 (S.D.N.Y. 1998) (denying motion to dismiss and holding incremental harm doctrine did not bar defamation claim). Additionally, many courts, including the Supreme Court, have expressed great disapproval of the incremental harm doctrine. *See, e.g.*, *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496 (1991) ("[W]e reject any suggestion that the incremental harm doctrine is compelled as a matter of First Amendment protection for speech.).

[7] *Karedes v. Ackerley Grp., Inc.*, 423 F.3d 107, 119 (2d Cir. 2005) (explaining publication is only privileged if it is a "fair and true" account).

[8] "Evidence of ill will combined with other circumstantial evidence indicating that the defendant acted with reckless disregard of the truth or falsity of a defamatory statement may also support a finding of actual malice." *Celle v. Filipino Rep. Enterprises Inc.*, 209 F.3d 163, 183 (2d Cir. 2000)); *see Clyburn v. News World Communications, Inc.*, 903 F.2d 29, 33 (D.C.Cir.1990) (proof of actual malice "may take the form of circumstantial evidence, such as the existence of 'obvious reasons to doubt the veracity of the informant or the accuracy of his reports.'").

[9] Statements "that accuse the plaintiff of a serious crime" or "tend to injure another in his or her trade, business or profession" are defamatory *per se*. *Stern v. Cosby*, 645 F. Supp. 2d 258, 273 (S.D.N.Y. 2009)