UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREVOR BAUER,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS BAUD, and G/O MEDIA, INC.,<br><br>Defendants. | No.: 1:22-cv-01822-PAC |

**RESPONSE TO DEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Trevor Bauer ("Mr. Bauer") respectfully submits this response to the Second Notice of Supplemental Authority filed by Defendants Chris Baud and G/O Media, Inc. ("Defendants") on December 8, 2022, ECF No. 27. On December 5, 2022, Judge Michael W. Fitzgerald issued an order in *Trevor Bauer v. The Athletic Media Co. & Molly Knight*, 22-cv-2062-MWF-AGR (C.D. Cal.). Although Defendants portray this ruling as supporting dismissal, it actually shows that Defendants' motion to dismiss should be denied for the same reason that Judge Fitzgerald denied the motion to dismiss Count Two alleging defamation by Molly Knight and *The Athletic*. As discussed below, the allegedly defamatory statements in Count Two are more similar to Defendants' statements at issue here than the statement by *The Athletic* at issue in Count One.

*Bauer v. The Athletic* involves both Ms. Knight's tweet as an employee of *The Athletic* (Count Two) and a story *The Athletic* published (Count One). Specifically, *The Athletic's* former employee Ms. Knight tweeted: "Not possible to consent to a fractured skull." As for Count Two, Judge Fitzgerald denied *The Athletic* and Ms. Knight's motion to dismiss with respect to the

tweets.[1] Judge Fitzgerald found that the distinction between *The Athletic* article and Ms. Knight's tweets was that "[w]hile L.H. may have initially presented with signs of a cracked skull or basilar fracture, it appears that the CT scans demonstrated that her skull was **not**, in fact, cracked or fractured." Order at 32 (emphasis in original). Unlike *The Athletic*'s article, Judge Fitzgerald concluded that Ms. Knight's tweet squarely asserted that Mr. Bauer had caused a skull fracture. The *Deadspin* article at issue here asserted even more directly than Ms. Knight's tweet that Ms. Hill had "her skull fractured" and that an "initial CT scan . . . showed a fracture." Mr. Bauer's claims against Defendants are viable for the same reason as his claim against Ms. Knight and *The Athletic*.

Judge Fitzgerald dismissed Count One with leave to amend on the basis of a failure to sufficiently plead compliance with a California retraction statute that has no application to this case. That court's discussion of whether amendment should be denied on the grounds of futility also has little bearing on this case. First, the standard governing malice is different in this circuit than the standard Judge Fitzgerald applied. Moreover, his reason for concluding that malice was in doubt as to *The Athletic* does not apply here to publications written and edited by a journalist shown to have a personal animus. Second, whether *The Athletic*'s statement—that "[Ms. Hill] said that her medical notes state that . . . there were signs of basilar skull fracture"—might be read as substantially true does not suggest that *Deadspin*'s statement could also be read as substantially true.

---

[1] Contrary to Defendants' mischaracterization in their notice, this claim for defamation was brought against both Ms. Knight and *The Athletic*.

Dated: December 9, 2022                    Respectfully submitted,

*/s/ Blair G. Brown*
Blair G. Brown
Jon R. Fetterolf
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1800
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Shawn P. Naunton
Nell Z. Peyser
Mark J. Feaster
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
(212) 704-9600
snaunton@zuckerman.com
npeyser@zuckerman.com
mfeaster@zuckerman.com

*Attorneys for Plaintiff*